UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOEL SHAMAIR THORNTON, individually and on behalf of all other persons similarly situated who were employed by BAPTIST HEALTH NURSING AND REHABILITATION CENTER, INC. AND THE NURSE CONNECTION STAFFING, INC. and/or any other entities,<br><br>Plaintiffs,<br><br>-against-<br><br>BAPTIST HEALTH NURSING AND REHABILITATION CENTER, INC. AND THE NURSE CONNECTION STAFFING, INC., and any related entities,<br><br>Defendants. | **FLSA COLLECTIVE ACTION**<br><br>**and**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED**<br><br>Docket No.: 1:26-cv-1642 (AMN/PJE) |

Named Plaintiff Noel Shamair Thornton ("Named Plaintiff"), by her attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## <u>PRELIMINARY STATEMENT</u>

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages and overtime compensation as well as related damages owed to the Named Plaintiff and all similar situated persons (collectively "Plaintiffs") who are formerly employed with Baptist Health Nursing and Rehabilitation Center, Inc. ("Baptist"), and The Nurse Connection Staffing, Inc. ("Nurse Connections", collectively "Defendants"), or any other staffing agencies providing similarly situated persons to Defendants

and/or any other entities affiliated with or controlled by Defendants in trades and occupations entitled to receive overtime compensation.

2. From at least August 2020 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3. From at least August 2020 and continuing through the present, Defendants have engaged in a policy and practice of having their employees regularly work in excess of 40 hours per week without providing overtime compensation as required by the applicable federal and state laws.

4. Upon information and belief, Defendants also failed to provide appropriate wage notices and pay statements to Named Plaintiff and those similarly situated as required under NYLL.

5. Named Plaintiff have initiated this action seeking for themselves, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

10. Named Plaintiff Noel Shamair Thornton is an individual who is currently a resident of Rensselaer County, New York, and was employed jointly by Defendants as a Licensed Practical Nurse ("LPN") from summer of 2025 through approximately Dec. 15, 2025, and then was employed directly by Defendant Baptist Health Nursing and Rehabilitation Center, Inc., ("Baptist Health") through April 28, 2026.

11. Upon information and belief, Baptist is a Domestic Not-For-Profit Corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 297 Ballston Rd, Scotia, NY 12302.

12. Defendant Baptist Health operates a nursing home and rehabilitation center located at 297 Ballston Rd, Scotia, NY 12302, where it employed the Named Plaintiff and putative class members.

13. Upon information and belief, Defendant The Nurse Connection, Staffing, Inc. ("Nurse Connection") is a Domestic Business Corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 1 Computer Dr. S Ste. 1, Albany, NY 12205.

14. Defendant Nurse Connection, Staffing, Inc. is a supplemental staffing agency providing highly skilled and trained Registered Nurses, Licensed Practical Nurses and Certified Nursing Assistants.

15. At all times relevant to this action, Defendants were jointly Named Plaintiff's employer as defined by NYLL §§ 2(6), 190(3), and 651(6), as well as 29 U.S.C. § 203, *et seq.*

**CLASS ALLEGATIONS**

16. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

17. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

18. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants as Registered Nurses, Certified Nurse Assistants, Licensed Practical Nurses, and other employees paid hourly wages while performing similar direct nursing and personal care support in furtherance of Defendants operations as a nursing home, medical facility and staffing agency, and who had meal breaks automatically deducted from their wages while working at Defendants Baptist Health and all other locations where Defendant Nurse Connection provided Registered Nurses, Certified Nurse Assistants and/or Licensed Practical Nurses.

19. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated their regular hourly wage for all hours worked, and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be hundreds of employees. Additionally, the names of all potential members of the putative class are not known.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include but are not limited to: (1) whether Defendants failed to pay the appropriate regular wages for hours up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (2) whether Defendants failed to provide Named Plaintiff with proper wage notices and wage statements during the time of their employment.

22. The claims of Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendants' policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendants' failure to provide wage notices as required by NYLL.

23. Named Plaintiff and counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants policies.

## FACTS

25. Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

26. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

**Named Plaintiff Noel Shamair Thornton**

27. Named Plaintiff was directly employed by Defendant Baptist from approximately December 15, 2025, through April 28, 2026, as an LPN.

28. Named Plaintiff was hired by Defendant Nurse Connection and placed with Defendant Baptist on a contractual basis and thus jointly employed by Defendants from summer of 2025 through approximately December 15, 2025.

29. Named Plaintiff's job duties included regular nursing responsibilities, some supervisor responsibilities, and Certified Nursing Assistant duties.

30. Named Plaintiff worked all shifts, including 7:00 a.m. to 3:00 p.m., 3:00 p.m. to 11:00 p.m., and 11:00 p.m. to 7:00 a.m.

31. Named Plaintiff worked on multiple units at Baptist Health, which has approximately 250 beds across six units and she worked alone for approximately 90% of the time across all shifts and units.

32. Named Plaintiff made complaints to Human Resources representative Kerri DeMassi about not receiving breaks, both verbally and by text. He also complained by text to RN Supervisor "Becky" about missed breaks. She reported being diabetic and needing lunch breaks.

33. Named Plaintiff states there was no formal method to have pay restored for missed breaks.

34. Named Plaintiff worked without a full or even partial meal break through the vast majority of her shifts due to chronic short staffing, resident care demands, admissions, medication administration, emergencies, and call lights.

35. Named Plaintiff asserts that approximately 150 aides and nurses, and hundreds in the past, were similarly affected regarding missed breaks.

36. Named Plaintiff had also raised a question about missed overtime compensation. Defendants.

37. Named Plaintiff was paid biweekly and received pay statements from Baptist Health reflecting regular, overtime, evening, weekend, and holiday differentials, as well as bonuses and sick pay.

38. Named Plaintiff's Baptist Health pay statements show regular and overtime hours worked, including, for example, 63.75 regular hours and 44.75 overtime hours for the paycheck issued on April 10, 2026, and 63.25 regular hours and 22.50 overtime hours for the paycheck issued April 24, 2026.

39. Named Plaintiff received pay statements from Nurse Connection reflecting regular and overtime hours, specifically the period December 7, 2025, through December 13, 2025.

**<u>Defendants' Operation</u>**

40. This action is brought on behalf of Named Plaintiff and a putative class collective consisting of similarly situated employees who worked for Defendants as hourly paid Registered Nurses, Certified Nurse Assistants, and Licensed Practical Nurses, and other employees performing similar direct nursing and personal care support in furtherance of Defendants' operations.

41. Defendant Baptist operates one primary facility on its premises at 297 Ballston Rd, Scotia, NY 12302, referred to as Baptist Health Nursing and Rehabilitation Center, Inc., that is used for providing residential nursing homes and medical care services.

42. Defendant Nurse Connection is a healthcare staffing agency and provides medical professionals such as and including Named Plaintiff to Defendant Baptist at its location at 297 Ballston Rd, Scotia, NY 12302.

43. On any given day at Baptist Health, there are either 8 or 16 hour shifts being worked by Registered Nurses, Certified Nursing Assistants, and Licensed Practical Nurses.

44. The Baptist Health facility has six (6) units with approximately 24-44 beds per unit.

45. On any given day at Defendants Baptist Health' facility, there are three (3) shift changes throughout the day, those being the day shift (7:00am – 3:00pm), the evening shift (3:00pm – 11:00pm), and the overnight shift (11:00pm – 7:00am).

46. Upon information and belief, during each day and evening shifts there was one LPN and between one and five CNAs working. During the overnight shift there would be one LPN and one CNA working.

47. Upon information and belief, the putative class spanning the entire statutory period of time is well into the 100s.

48. While working for Defendants, Named Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked and overtime compensation when appropriate, as required by applicable federal and state law.

49. Throughout the entire duration of Named Plaintiff's employment with Defendants, Named Plaintiff would clock in at the beginning of her shifts, and then clock out at the conclusion of it using Defendant Baptist's time-keeping system.

50. For every shift over six hours, one-half hour (30 minutes) would be automatically deducted from Named Plaintiff's pay for a meal break.

51. When the Named Plaintiff would work double shifts (16-hour long shifts), two (2) one-half hour (30 minutes) would be automatically deducted from her pay for meal breaks, one for each 8-hour long period they worked.

52. Defendant Nurse Connection was aware of Defendant Baptist's policy of auto deducting the 30-minute meal breaks.

53. Named Plaintiff and all similarly situated Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses who worked through their meal breaks were subject to Defendants' auto-deduction practice and did not get paid for the time they spent working through their breaks.

54. Named Plaintiff, and those similarly situated, were all typically too busy working and caring for patients due to consistent staffing problems to take a full, or even partial, uninterrupted work-free meal break during the vast majority of shifts that were over six hours long.

55. In the event an employee did not clock out for a meal break, Defendants Baptist Health would still automatically deduct 30 minutes from the employee's time records, regardless of whether the employee actually got to take a full or partial break.

56. In such instances where either of the Named Plaintiff, or other members of the putative class, could only take a partial break before returning to work, Defendants Baptist Health would still automatically deduct a full 30 minutes from their time records.

57. The degree to which Named Plaintiff and those similarly situated were overworked and too busy to take a full 30-minute uninterrupted meal break, or any meal break at all, is well documented.

58. Upon information and belief, this procedure and circumstances were the same for all members of the putative class.

59. Despite knowing that employees were working full shifts without getting to take meal breaks, Defendants would still enforce that they clock out for times they should have been able to take a break and automatically deduct the one-half hour of pay from their recorded time if they did not clock out.

60. In certain weeks, upon information and belief, the deducted one-half hour of pay would cause Named Plaintiff, and those similarly situated, from receiving overtime compensation.

61. Named Plaintiff regularly observed many other similarly situated Registered Nurses, Certified Nurse Assistants and Licensed Practical Nurses regularly not receiving meal breaks.

62. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks whether taken by the employee or not and at times failing to pay overtime across the members of the putative class.

63. Named Plaintiff, and those similarly situated, did not receive wage notices.

64. Named Plaintiff, and those similarly situated, received from Defendants inaccurate pay statements for each and every pay period that wrongfully deducted one or more one-half hour meal breaks that were not actually taken by Named Plaintiff and those similarly situated. The pay statements were unreliable in that they incorrectly recorded all hours for which Named Plaintiff and those similarly situated were owed pay and misled them as to whether they were properly paid

for all hours worked. Each pay statement that wrongfully stated the hours due to Named Plaintiff and those similarly situated constitutes a separate and individual actionable violation of the FLSA and NYLL, as stated herein.

**FIRST CAUSE OF ACTION**

**UNPAID WAGES AND OVERTIME UNDER FLSA**

65. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

66. Named Plaintiff and similarly situated hourly employees of Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

67. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

68. Defendants willfully, knowingly, purposefully, and recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

69. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Named Plaintiff and those similarly situated actually worked.

70. On this claim for relief, the Named Plaintiff on behalf of themselves and other similarly situated hourly employees of Defendants, seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid to the Named Plaintiff and other similarly situated employees.

71. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

**SECOND CAUSE OF ACTION**

**UNPAID REGULAR TIME AND OVERTIME UNDER NYLL**

72. Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

73. Pursuant to Article Six of the New York Labor Law, workers, such as Named Plaintiff and other members of the putative class action, are protected from wage underpayments and improper employment practices.

74. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

75. As persons employed for hire by Defendants, Named Plaintiff and other members of the putative class action are "employees," as understood in Labor Law § 190.

76. Pursuant New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

77. As an entity that hired the Named Plaintiff and other members of the putative class, Defendants is an "employer."

78. Named Plaintiff and other members of the putative class agreed upon wage rate and/or overtime compensation rate constitutes "wages" within the meaning of New York Labor Law §§ 190, 191.

79. Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Named Plaintiff and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

80. Pursuant to New York Labor Law § 652 and the cases interpreting same, “Every employer shall pay to each of its employees for each hour worked a wage of not less than” the statutory minimum wage.

81. In failing to pay Named Plaintiff and other members of the putative class proper wages for time worked in one week, Defendants violated New York Labor Law § 191, by failing to pay Plaintiffs and other members of the putative class all of their wages earned within the week such wages were due, and violated Labor Law § 652, by failing to pay Plaintiffs minimum wages for all hours worked.

82. Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiffs and other members of the putative class, that is not otherwise authorized by law or by the employee.

83. By withholding wages for time worked in any given week from Plaintiffs and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiffs and other members of the putative class.

84. Pursuant to New York Labor Law § 198, Named Plaintiff and those similarly situated bring this action to recover wages to which they are entitled.

85. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

86. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

87. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants refused and continues to refuse to provide required breaks and failed and continues to fail to pay Named Plaintiff and those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq.*, and 19 NYCRR §§ 142, *et. seq.*

88. Upon information and belief, Defendants willfully, purposefully, and maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

89. On this claim for relief, the Named Plaintiff on behalf of themselves and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

90. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE ANNUAL WAGE NOTICES AND PAY STATEMENTS UNDER NYLL

91. Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

92. Defendants have willfully failed to provide Named Plaintiff and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

93. Defendants have willfully failed to provide Named Plaintiff and those similarly situated with proper and accurate pay statements, as required by NYLL § 195(3), listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; accurate recording of all hours due to be paid; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

94. Named Plaintiff, and those similarly situated, did not receive all required wage notices and pay statements during their employment with Defendants.

95. Through their knowing or intentional failure to provide Named Plaintiff with the wage notices and pay statements required by the NYLL, Defendants willfully violated NYLL §§ 191(1) and (3) and the supporting New York State Department of Labor Regulations.

96. According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

97. According to NYLL § 198-1(b), Named Plaintiff, and those similarly situated, are entitled to $250 for every week they did not receive a proper and accurate pay statement up to a total of $5,000, together with costs and reasonable attorney's fees.

98. By the foregoing reasons, Defendants violated NYLL §§ 195(1) and (3) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**JURY TRIAL DEMANDED**

99. Plaintiffs demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1) On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2) On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the

amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3) On the Third Cause of Action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) Such other and further relief as this Court may deem just and proper.

Dated: Fayetteville, New York
August 26, 2026

By: */s/ Frank S. Gattuso*

Frank S. Gattuso, Esq.
Frank Gattuso, Esq.
GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
315-314-8000
315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*